UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STUDENTS FOR FAIR ADMISSIONS, INC.,

*Plaintiff*,

v.

YALE UNIVERSITY,

*Defendant*,

Civil Action No. 3:21-cv-241-KAD

May 12, 2021

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY**

For the reasons given below, SFFA does not oppose Yale's motion to stay this case pending the Supreme Court's decision in *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, No. 20-1199 (U.S.).

1. SFFA is a 501(c)(3) voluntary membership organization formed for the purpose of defending human and civil rights secured by law through litigation and other lawful means. SFFA promotes and protects students' right to be free from racial discrimination in higher-education admissions. SFFA's membership includes more than 20,000 students, parents, and others who believe that racial classifications in college admissions are unfair, unnecessary, and unconstitutional. SFFA has members throughout the country and is the leading organization seeking to end racial discrimination in higher education.

2. In November 2014, SFFA sued Harvard under Title VI of the Civil Rights Act. SFFA alleged that Harvard violates Title VI in six ways: intentionally discriminating against Asian Americans; using racial balancing; failing to use race merely as a "plus" factor in admissions decisions; failing to use race merely to fill the last "few places" in the incoming freshman class; using race where there are available and workable race-neutral alternatives; and using race as a factor in admissions. *See SFFA v. Harvard*, 397 F. Supp. 3d 126, 132 (D. Mass. 2019).

**ORAL ARGUMENT NOT REQUESTED**

Harvard filed an answer, not a motion to dismiss, and was later denied summary judgment. In October 2018, Judge Burroughs held a three-week bench trial on SFFA's claims. Judge Burroughs ultimately ruled for Harvard, *id.* at 183-206, and the First Circuit affirmed, *SFFA v. Harvard*, 980 F.3d 157 (1st Cir. 2020).

On February 25, 2021, SFFA filed a petition for certiorari. *See* Pet. for Certiorari, *SFFA v. Harvard*, No. 20-1199 (S. Ct.), bit.ly/2PKVNnk. SFFA's petition raises two questions:

1. Should this Court overrule *Grutter v. Bollinger*, 539 U.S. 306 (2003), and hold that institutions of higher education cannot use race as a factor in admissions?

2. Title VI of the Civil Rights Act bans race-based admissions that, if done by a public university, would violate the Equal Protection Clause. *Gratz v. Bollinger*, 539 U.S. 244, 276 n.23 (2003). Is Harvard violating Title VI by penalizing Asian-American applicants, engaging in racial balancing, overemphasizing race, and rejecting workable race-neutral alternatives?

*Id.* Eighteen amicus briefs were filed in support of SFFA's petition, including from Asian-American organizations, a coalition of States, former federal civil rights officials, and others. *Id.* The Supreme Court is expected to grant or deny SFFA's petition in June.

3. Also on February 25, SFFA initiated this action against Yale. SFFA alleged that Yale (like Harvard) violates Title VI in six ways: intentionally discriminating against Asian Americans; using racial balancing; failing to use race merely as a "plus" factor in its admissions decisions; failing to use race merely to fill the last "few places" in the incoming freshman class; using race where there are available and workable race-neutral alternatives; and using race as a factor in admissions. Dkt. 1 at 28-38.

4. On May 7, Yale filed this motion, asking the Court to stay all proceedings pending the Supreme Court's resolution of SFFA's petition in *Harvard*. Mot. 2. Specifically, Yale asks that, if the Supreme Court denies certiorari, Yale be "afforded 30 days after the petition is denied to respond to SFFA's Complaint and to meet and confer with SFFA pursuant to Federal Rule of Civil

Procedure 26(f)." *Id.* If the Supreme Court grants the petition, Yale asks the Court to "extend the stay until after the Supreme Court issues its decision on the merits in the *Harvard* case." *Id.*

5.     SFFA does not oppose Yale's motion. This case is in its earliest stages; the parties have filed no substantive motions, exchanged no discovery, conducted no trial, and are awaiting no verdict. If certiorari is granted in *Harvard*, the Supreme Court's decision likely will affect this case. Staying this case until the Supreme Court resolves *Harvard* thus will best conserve party and judicial resources.

6.     Although SFFA does not oppose Yale's motion, it disagrees with Yale's reasoning and rhetoric. For example, SFFA has in no way "delayed" bringing this action. Mot. 9-10. Nor will a denial of certiorari in *Harvard* "likely warrant the dismissal of this case as a matter of law." Mot. 1. In every case where SFFA has sued a university for racial discrimination, SFFA's claims have gone to trial. *See Harvard*, 397 F. Supp. 3d 126; *SFFA v. Univ. of N.C.*, No. 14-cv-954 (M.D.N.C.) (bench trial held November 2020); *see also SFFA v. Univ. of Tex. at Austin*, No. 20-cv-763 (W.D. Tex.) (Dkts. 11, 14) (filing answers to SFFA's complaint and amended complaint). This case would be no different. This Court cannot determine whether Yale "uses race in a permissible way without . . . giving close analysis to the evidence of how the process works in practice." *Fisher v. Univ. of Tex. at Austin*, 570 U.S. 297, 313 (2013). That the Supreme Court declined to review a decision from another circuit involving another school would mean nothing "as a matter of law." Mot. 1; *see Teague v. Lane*, 489 U.S. 288, 296 (1989) ("[T]he 'denial of a writ of certiorari imports no expression of opinion upon the merits of the case.'").

For the foregoing reasons, SFFA does not oppose Yale's motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: May 12, 2021 | /s/   *J. Michael Connolly* |

William S. Consovoy\*
J. Michael Connolly (CT29695)
Cameron T. Norris\*
Steven C. Begakis\*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
will@consovoymccarthy.com
mike@consovoymccarthy.com
cam@consovoymccarthy.com
steven@consovoymccarthy.com

*Counsel for Students for Fair Admissions, Inc.*

\**Pro hac vice* motion forthcoming

**CERTIFICATE OF SERVICE**

I e-filed the foregoing, which served all counsel of record.

/s/   *J. Michael Connolly*
Counsel for Students for Fair Admissions, Inc.